■        HARRY GREEN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39929.) — HAMM, J. Appeal from a judgment of the Court of Claims which dismissed a claim for damages for false arrest, false imprisonment and malicious prosecution. Section 1272 of the Penal Law provides: "Each * * * corporation * * * and the officers of any such corporation who knowingly permit the corporation to violate the labor law by failing to pay the wages of any of its employees in accordance with the provisions thereof are, guilty of a misdemeanor". The claimant was an officer, the sole acting manager and the actual owner of the corporation which failed to pay an employee's

wages. After exhaustive investigation and conferences with the claimant the Labor Department instigated the claimant's prosecution. On February 8, 1957, the claimant was convicted in Magistrates' Court sitting as a Court of Special Sessions of the City of New York for violation of subdivision 2 of section 196 of the Labor Law. He was sentenced to serve five days and to pay a fine of $100. After serving his sentence he appealed to the Appellate Division, which, with two Justices dissenting, reversed the conviction, remitted the fine and ordered a new trial on the ground that the Magistrate improperly exercised his discretion in refusing a further adjournment (*People* v. *Green,* 9 A D 2d 667). At a second trial held in the Court of Special Sessions in December of 1960 the claimant was acquitted by a divided court. The acquittal did not establish lack of probable cause but indicated only that a majority of the triers of the facts were not convinced of the claimant's guilt beyond a reasonable doubt. The trial court found that the claimant had failed to establish lack of probable cause and, as to malicious prosecution, had failed also to establish malice. We agree with the trial court's findings on the weight of the evidence. The claimant argues that the institution of the criminal proceeding was based on an information made upon information and belief. However, the information was not based on information and belief without disclosing the source thereof and the information states "that the sources of said information and the grounds of said belief is the affidavit of Anna Scorcia [the employee], duly sworn to on the 13th day of December, 1956, attached hereto and made a part thereof." The annexed affidavit of the employee as well as the information was received in evidence. The claimant seeks also to raise an issue as to an alleged offset. The claimant had lent to the employee a heating lamp which ultimately came into the possession of the Department of Labor. In negotiations with the department the claimant demanded an offset of $10 for the lamp against wages. He conceded that wages of $32.17 were due. It was the view of the Labor Department based on its interpretation of advice from the Department of Law that the claimant was not entitled to this offset. It has been stated that a contract of employment may not provide for deductions unless such deductions are for the benefit of the employee (*Greenwald* v. *Chairella,* 271 App. Div. 213, 216) and under section 197 of the Labor Law charges for groceries, provisions or clothing may not be offset even though included in the contract and for the benefit of the employee. The Labor Department took the view that the payment of wages was required by the Labor Law to be made pursuant to the contract and that the contract made no provision for offset for an article lent. However, we are not required to determine this issue as the trial court further found that "the set off for which claimant sought credit against her wages was only a partial set off and even though allowable, a balance of wages was still owing to her and the duty of the Labor Department to enforce payment would have been the same." Moreover, in addition to the claimant's agreement to accept an offset of $10, evidence was received without objection that the value of his lamp was less than the amount claimed. The claimant also urges that the State is liable because of the Magistrate's refusal to grant an additional adjournment on an adjourned date to permit the defendant to produce counsel. He complains also of the alleged failure of the Magistrate to advise him of his right to be tried in the Court of Special Sessions. While page 17 of the claimant's Exhibit 7 seemingly indicates otherwise, we need not consider whether in fact there was such failure as the acts of the City Magistrate in allegedly failing to advise the claimant of his right to be tried in another court and also in refusing to grant an adjournment for production of counsel did not impose liability on the State (*Jameison* v. *State of New York,* 7 A D 2d

944). Judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.